871 F.2d 1149
 276 U.S.App.D.C. 409
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Francis M. MACKEY, Jr., Appellant,
v.
NBI, INCORPORATED.
 No. 86-5178.
 United States Court of Appeals, District of Columbia Circuit.
 April 10, 1989.
 
 Appeal from the United States District Court for the District of Columbia.
 Before SPOTTSWOOD W. ROBINSON, III, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the order filed by the district court on February 12, 1986 be reversed and remanded for further proceedings consistent with the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely request for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 In Shea v. Donohue Construction Co., 795 F.2d 1071 (D.C.Cir.1986), we reviewed the three basic justifications for dismissal: 1) "the other party has been so prejudiced by the misconduct that it would be unfair to require him to proceed"; 2) "resort[ing] to any less drastic sanctions would not mitigate the severe burden that the misconduct has placed on the judicial system"; and 3) "[to] serve as an ultimate sanction, aimed at punishing abuses of the system and deterring future misconduct." Id. None of the above-listed justifications is present in this case, and dismissal was not warranted. We therefore reverse the district court and remand for further proceedings consistent with this memorandum.
 
 
 5
 First, there was neither an unreasonably protracted delay nor a substantial showing of actual prejudice. Mackey was only approximately only one month late in responding to discovery requests when he requested an extension, and then it was only another month after the expiration of the extension when NBI filed the motion to compel and for sanctions. Not only is the length of the delay on Mackey's part not unreasonable, but also it is virtually indistinguishable from the length of the delay in responding to discovery requests on the part of appellee NBI, Incorporated ("NBI"). Mackey had served NBI with interrogatories and requests for production on July 31st and August 5th, and NBI did not respond until October 18th--over two months later. Therefore, NBI's argument that Mackey's delay in this case was unreasonable, and that prejudice may be presumed, is unpersuasive. Additionally, NBI's argument that the delay was actually a seventeen-month delay, based on delays in both prior administrative proceedings and the district court case precedent to this one, is irrelevant to the case now properly before this court.
 
 
 6
 Second, although Mackey's attorney did fail to comply with the court's pretrial order setting the discovery cut-off date for November 30th, that was the only discovery order issued in the case. There was never a court order to produce documents or to compel discovery. Any misconduct on the part of Mackey's attorney, in violating the pretrial order, was far less egregious than the misconduct in cases where the attorney violated specific discovery orders. See, e.g., Weisberg v. Webster, 749 F.2d 864, 866-67, 872 (D.C.Cir.1984) (dismissal proper where court had granted motion to compel, ordering plaintiff to respond, and plaintiff refused to comply). The district court in the instant case might have first ordered Mackey to respond, before dismissing the case. Such a procedure would have been more in keeping with the spirit of Shea. In Shea, we cautioned that it is incumbent upon a trial court to consider less drastic alternatives to dismissal, and that where sanctions or replacing the attorney would allow the court to proceed, such alternatives are preferable. Shea, 795 F.2d at 1076. The instant case provides the perfect vehicle for employing the less drastic alternative of replacing the attorney. Mackey's attorney had requested this alternative, but the court did not consider it. Trial was more than six weeks away; it was scheduled for March 20th and the case was dismissed on January 31st. Considering that Mackey had already successfully completed discovery of NBI, and that NBI had successfully deposed Mackey several months earlier (but had not yet received documents), it is possible that a continuance might not have been necessary. Even if obtaining new counsel might have necessitated a continuance, however, such a procedure would ultimately have helped to achieve the court's need to move the case ahead. See Shea, 795 F.2d at 1077.
 
 
 7
 Third, NBI argues that dismissal was appropriate because Mackey was responsible for and aware of the delays, which dated back from his administrative proceedings, and no evidence in the record shows that Mackey was blameless and unaware of his counsel's misconduct. Mackey argues in reply that no evidence indicates that he was to blame, or was aware of his counsel's misconduct. NBI's argument is unpersuasive; it improperly shifts the burden of proof to Mackey. Nothing in the language of Shea suggests that the burden is on the client to prove that he was not aware of his counsel's misconduct. Additionally, the trial court may be required to inform the client of his attorney's misconduct. In this case, nothing in the record indicates whether Mackey was aware vel non of his attorney's misconduct. It appears, however, that the trial court failed to notify Mackey or to consider less drastic alternatives. At the January 31st status call, instead of dismissing the case, the district court could have granted NBI's motion to compel discovery, and sanctioned Mackey's counsel.
 
 
 8
 Considering that the delay caused by Mackey's attorney consisted of only a few months, and that NBI also had taken two months to respond to discovery requests, this case falls outside of the egregious category typically resulting in affirmed dismissals. The district court failed to consider and employ less drastic alternatives when several were available. Therefore, we conclude that the district court abused its discretion in dismissing the case. Thus, we reverse the district court's decision denying reconsideration and remand for further proceedings. See Berry v. D.C., 833 F.2d 1031, 1037 (D.C.Cir.1987).